United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   SERGIO DE JESUS GARCIA,                   No. C-15-0488 MMC

12              Plaintiff,                      **ORDER RE: DEFENDANTS' MOTION TO
                                               DISMISS; STAYING ACTION; VACATING
13        v.                                   HEARING**

14   COUNTY OF CONTRA COSTA, et al.,

15              Defendant.
     _____/

16

17        Before the Court is the "Motion to Dismiss Plaintiff's First Amended Complaint," filed

18   March 4, 2015, by defendants County of Contra Costa ("the County"), City of Oakley ("the

19   City"), David Riddle ("Riddle") and Kevin Morris ("Morris'). Plaintiff Sergio De Jesus Garcia

20   has filed opposition, to which defendants have replied. Having read and considered the

21   papers filed in support of and in opposition to the motion, the Court deems the matter

22   suitable for decision on the parties' respective written submissions, VACATES the hearing

23   scheduled for April 10, 2015, and rules as follows.

24                                  **BACKGROUND**

25        In the operative complaint, the First Amended Complaint ("FAC"), plaintiff alleges

26   that, during the "early morning hours" of February 3, 2013, he was driving home when he

27   was "stopped" by Riddle and Morris, each of whom, plaintiff alleges, was employed by

28   either the County or the City. (See FAC ¶ 17.) Plaintiff alleges that during the course of

1   the stop, and while he was "lawfully on a public street" (see FAC ¶ 18), Riddle and Morris

2   "commenced a brutal beating of [p]laintiff's person, administering countless closed fist

3   punches and knee kicks to his body, caused a laceration to his head and discharged

4   several cycles from a Taser gun" (see FAC ¶ 17).  According to plaintiff, "[s]uch use of force

5   was without justification and was excessive under the circumstances" (see FAC

6   ¶ 17), and occurred "without provocation, cause or necessity as [p]laintiff was not engaging

7   in any illegal conduct, nor did he pose a threat or represent a danger of any nature to

8   anyone, including [d]efendant Riddle and [d]efendant Morris" (see FAC ¶ 19).  Additionally,

9   plaintiff alleges, the County and the City, acting with "deliberate indifference" to the rights of

10   citizens, "encourag[ed], accommodat[ed], or ratif[ied]" the acts of Riddle and Morris, and

11   failed to adequately "supervis[e], train[ ], control[ ], assign[ ], and disciplin[e] . . . Riddle and

12   Morris."  (See FAC ¶ 30.)

13       Based on said allegations, plaintiff alleges two claims for relief, both brought

14   pursuant to 42 U.S.C. § 1983.  The First Claim for Relief, titled "Unreasonable Search and

15   Seizure," is brought against Riddle and Morris, and the Second Claim for Relief, titled

16   "Municipal Liability for Unconstitutional Customs and Practices," is brought against the

17   County and the City.

18                           **DISCUSSION**

19       Defendants contend plaintiff's claims should be dismissed under the doctrine set

20   forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976),

21   in light of a state court action plaintiff filed in 2014.  When the doctrine applies, however, a

22   district court "must stay, rather than dismiss," the action.  See Coopers & Lybrand v. Sun-

23   Diamond Growers, 912 F.2d 1135, 1138 (9th Cir. 1990).  Accordingly, the Court next

24   considers whether a stay, rather than a dismissal, is appropriate.

25       "Under Colorado River, considerations of wise judicial administration, giving regard

26   to conservation of judicial resources and comprehensive disposition of litigation, may justify

27   a decision by the district court to stay federal proceedings pending the resolution of

28   concurrent state court proceedings involving the same matter."  Holder v. Holder, 305 F.3d

854, 867 (9th Cir. 2002) (internal quotation and citation omitted).  "[E]xact parallelism" is not required; "[i]t is enough if the two proceedings are substantially similar."  See Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) (internal quotation and citation omitted).

Here, in his state court action, plaintiff seeks relief under state law based on the same alleged incident of excessive force as is at issue in the instant federal action.[1]  Specifically, in Garcia v. County of Contra Costa, filed March 10, 2014, in the Superior Court of California, in and for the County of Contra Costa, plaintiff alleges that in the "early morning" of February 3, 2013, he was driving home when he was stopped by two officers, identified in the state complaint as "Does" employed by either the County or the City.  (See Defs.' Req. for Judicial Notice Ex. A ¶¶ 5, 7.)[2]  In said complaint, plaintiff alleges that during the course of the stop, and while he was "lawfully on a public street," the two officers "began to strike, hit, kick and eventually use a taser against [p]laintiff," and that "[s]uch use of force was without justification and was excessive under the circumstances," and occurred "without provocation, cause or necessity as [p]laintiff was not engaging in any illegal conduct, nor did he pose a threat or represent a danger of any nature to anyone, including [the officers]."  (See id. Ex. A ¶¶ 7-9.)  Additionally, in said complaint, plaintiff alleges that the County and the City, acting with "deliberate indifference" to the rights of citizens (see id. Ex. A ¶ 6), "encouraged, assisted [and] ratified" the acts of the officers (see id.), and failed to adequately "supervise, discipline or in any way control" the officers (see id. Ex. A ¶ 21.)  Based on the above-referenced allegations, plaintiff brings in the state

---

[1]Defendants' unopposed request for judicial notice of the state court complaint, as well as the docket of the state court proceedings, is hereby GRANTED.  See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [a court] may take judicial notice of judicial proceedings in other courts.").

[2]According to plaintiff, he was, at the time he filed his state court complaint on March 10, 2014, "ignorant of the true names" of the two officers.  (See id. Ex. A ¶ 5.)  At some point thereafter, plaintiff learned the names of the officers, as he named them in his federal complaint, which was filed February 3, 2015.  Although the record is unclear as to whether plaintiff has amended his state court complaint to identify the two officers by name, plaintiff may, if he has not already done so, make such amendment under California law.  See Cal. Civ. Proc. Code § 474 (providing, where "plaintiff is ignorant of the name of a defendant," complaint may identify such defendant "by any name" and plaintiff may later amend when defendant's "true name is discovered").

1  court action a claim for battery and a claim for negligence.

2      In "assessing the appropriateness of a Colorado River stay," district courts consider

3  "eight factors," specifically, "(1) which court first assumed jurisdiction over any property at

4  stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal

5  litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or

6  state law provides the rule of decision on the merits; (6) whether the state court

7  proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid

8  forum shopping; and (8) whether the state court proceedings will resolve all issues before

9  the federal court." See R&R Street & Co. v. Transport Ins. Co., 656 F.3d 966, 978-79 (9th

10  Cir. 2011).  Here, defendants contend, each of the above-referenced factors either weighs

11  in favor of a stay or is inapplicable.

12      In response, plaintiff first argues that the Court should deny the motion unless, prior

13  to weighing the above-referenced factors, the Court finds the federal and state actions are

14  substantially similar.  Irrespective of whether, as plaintiff argues, such a finding is a

15  threshold requirement under Colorado River, or whether the substantial similarity of the two

16  actions is an additional factor for the court to consider, see, e.g., Nakash, 882 F.2d  at

17  1416-17,[3] the Court finds plaintiff's state and federal complaints meet the test, as both

18  actions seek relief based on the same event and are alleged against the same defendants.

19      The Court finds unpersuasive plaintiff's argument that the cases are not

20  substantially similar because he seeks relief under state law in state court and under

21  federal law in federal court.  See Ollie v. Riggin, 848 F.2d 1016, 1017 (9th Cir. 1988)

22  (characterizing as "parallel" two actions challenging defendant's termination of plaintiff's

23  employment, where complaint in state court sought relief solely under state law and

24

25      [3]To the extent the Ninth Circuit has considered, in the context of Colorado River,
26  whether two actions are "substantially similar," it has treated the matter as an additional
   factor for consideration, and not as a threshold issue.  See, e.g., id. (observing "other
27  circuits" have considered "factor" of whether both actions are "parallel," or "substantially
   similar"; finding federal and state actions at issue therein were "substantially similar" given
28  both actions "concern[ed] how the respective parties ha[d] conducted themselves since
   [plaintiff] purchased a portion of [defendant's corporation]").

4

complaint in federal court sought relief solely under 42 U.S.C. § 1983; finding plaintiff did "not have the right actively to pursue parallel state and federal actions simultaneously").

The Court also finds unpersuasive plaintiff's argument that the two cases are not substantially similar because plaintiff seeks an award of attorney's fees only in the federal action.  Plaintiff fails to cite any authority holding the inclusion of a prayer for attorney's fees in the federal but not state action precludes a stay under Colorado River, and, to the extent courts have considered the issue, such courts have found to the contrary.  See, e.g., Smith v. Raleigh Dist. of North Carolina Conference of United Methodist Church, 1999 WL 1940001, at *4 (E.D. N.C. February 6, 1999) (finding stay under Colorado River appropriate where plaintiff's state court complaint alleged common law claims for negligence and plaintiff's federal complaint alleged Title VII claim; rejecting argument that plaintiff's inclusion of prayer for attorney's fees solely in federal action "require[d] a finding that the suits were not parallel," given "the operative facts underlying both the state and federal suits [ ] and the issues [were] substantially similar"); see also, e.g., Brito v. New United Motor Manufacturing, Inc., 2007 WL 1345197, at *5 (N.D. Cal. May 8, 2007) (holding "possibility of attorney's fees, alone, is insufficient to preclude a stay under the Colorado River doctrine").

The Court next considers the eight Colorado River factors identified above.

**(1)  Whether the State Court First Assumed Jurisdiction Over Property**

The first factor is "irrelevant in this case because the dispute does not involve a specific piece of property."  See R&R Street, 656 F.3d at 979.

**(2)  Inconvenience of the Federal Forum**

The second factor is "irrelevant in this case because . . . both the federal and state forums are located in [the same geographic area]."  See id.

**(3)  Desirability of Avoiding Piecemeal Litigation**

The third factor weighs in favor of a stay.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843

F.2d 1253, 1258 (9th Cir. 1988).  Here, as discussed above, plaintiff seeks to litigate the exact same issue in both cases, specifically, whether the two officers who stopped him on February 3, 2013, used excessive force, as well as whether the two governmental entities are responsible for any excessive force under theories of deliberate indifference, ratification, and inadequate supervision.

**(4)  Order in Which Jurisdiction was First Obtained by the Concurrent Forums**

The fourth factor weighs in favor of a stay, given that the instant federal action has not, to date, advanced beyond the pleading stage, whereas the state trial court has conducted two case management conferences (see Defs.' Req. for Judicial Notice Ex. B), a trial date has been set for July 2016 (see id.), and, pursuant to an order of the state trial court, the parties have engaged in mediation (see Whitman Decl. ¶¶ 3-4).  See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983) (holding fourth factor is "measured . . . in terms of how much progress has been made in the two actions").

**(5)  Whether Federal Law or State Law Provides the Rule of Decision on the Merits**

The fifth factor, given the claims alleged in the federal action arise under federal law, weighs against a stay but does not weigh heavily in the balance, as state courts have "concurrent jurisdiction" over § 1983 claims, and, consequently, may resolve such claims as well.  See Nakash, 882 F.2d at 1416 (finding fourth factor "less significant," where federal plaintiff sought relief under RICO, given state courts' concurrent jurisdiction over RICO claims); Ollie, 848 F.2d at 1017 (holding state courts have concurrent jurisdiction over 42 U.S.C. § 1983 claims).  Moreover, the fifth factor is less significant for an additional reason, namely, that the substantive law on the merits of plaintiff's battery and § 1983 excessive force claims is, as discussed below with reference to the eighth factor, essentially the same.

**(6)  Whether the State Court Proceedings are Inadequate to Protect the Federal Litigant's Rights**

The sixth factor weighs in favor of a stay.  Although a stay may be inappropriate where the state court "cannot adequately protect the rights of the federal litigants," such as

1    where there is "a possibility that the parties will not be able to raise their claims in the state

2    proceeding," see R&R Street, 656 F.3d at 981, here, no such circumstance has been

3    identified.  Indeed, plaintiff is already proceeding with his battery claim based on the same

4    facts as those on which he bases his § 1983 excessive force claim, and both claims, as

5    discussed below, are analyzed in the same manner.  See Clark v. Lacy, 376 F.3d 682, 688

6    (7th Cir. 2004) (holding sixth factor weighed in favor of stay; noting "there is no fear that

7    [plaintiff's] rights will not be adequately protected in the state proceeding as the same

8    questions of law and fact are presented as in the federal case and the state court can

9    resolve those questions just as effectively").  Further, should plaintiff wish to proceed in

10   state court with his § 1983 claim, he can request the state court invoke its concurrent

11   jurisdiction to hear such claims.[4]  See, e.g., Silvaco Data Systems, Inc. v. Technology

12   Modeling Associates, Inc., 896 F. Supp. 973, 977 (N.D. Cal. 1995) (staying under Colorado

13   River plaintiff's Lanham Act false advertising claim, where Lanham Act claim was based on

14   same facts alleged in state complaint in support of state law unfair competition claim;

15   observing, with respect to sixth factor, "[plaintiff] can invoke the state court's concurrent

16   jurisdiction over the Lanham Act claims . . . if it so wishes").[5]

17   //

18

19   [4]Plaintiff argues any amendment to add a § 1983 claim to his state court complaint
     would be barred by the applicable two-year statute of limitations.  As defendants point out,
20   however, no such defense would be available to defendants in the event plaintiff sought
     such amendment, in light of California's "relation-back" doctrine.  (See Defs.' Reply, filed
21   March 25, 2015, at 10:6-8 (stating "[p]laintiff would not be barred from amending his state
     court complaint to assert causes of action based on Section 1983 arising from the alleged
22   use of excessive force")); Norgart v. Upjohn Co., 21 Cal. 4th 383, 408-09 (1999) (holding,
     under "relation-back doctrine," "amended complaint must (1) rest on the same general set
23   of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the
     original one") (emphasis omitted).

24   [5]Although not argued by plaintiff, the Court has considered whether plaintiff's
     inclusion of a prayer for attorney's fees in the federal complaint, which prayer has not been
25   made in the state court complaint, weighs against a finding that the state court can protect
     plaintiff's rights.  The Court finds it does not.  First, as noted, plaintiff can seek amendment
26   of his state complaint to include his § 1983 claim, and, if he does so, can seek attorney's
     fees in the event he prevails thereon.  Second, as noted above, district courts that have
27   considered the issue have found the state court is not an inadequate forum by reason of
     the plaintiff's having elected to proceed therein solely on claims for which attorney's fees
28   are not available.  See, e.g., Brito, 2007 WL 1345197, at *5.

7

1

**(7)  Whether Exercising Jurisdiction Would Promote Forum Shopping**

2
The seventh factor weighs slightly in favor of a stay.  Although the record does not

3
indicate plaintiff filed his federal action to avoid a ruling issued by the state court or in

4
reaction to a perceived difficulty with proceeding in state court, see, e.g., American Int'l

5
Underwriters, 843 F.2d at 1256, 1259 (holding plaintiff engaged in forum shopping when it

6
filed duplicative action in federal court "to avoid . . . evidentiary obstacles" it faced in state

7
court under "arcane" state rule of evidence), plaintiff nonetheless could have brought, in a

8
single forum, all of his claims arising from the February 3, 2013 incident, cf. Holder, 305

9
F.3d at 871 (finding seventh factor weighed against stay, where federal claim brought

10
under Hague Convention; noting plaintiff "probably had to bring his [federal] claim in federal

11
court" while proceeding with state law claims in state court).

12
**(8)  Whether the State Court Proceedings Will Resolve All Issues Before the Federal Court**

13

14
The eighth factor weighs in favor of a stay.  Plaintiff has not addressed the eighth

15
factor, and, in any event, as defendants correctly observe, resolution of plaintiff's battery

16
claim will resolve plaintiff's § 1983 excessive force claim, as the elements of a battery claim

17
brought against a peace officer are the same of those required for a § 1983 excessive force

18
claim.  See Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272-74 (1998) (holding, to

19
prevail on battery claim against peace officer, plaintiff must establish peace officer engaged

20
in excessive force in violation of § 1983; referring to § 1983 excessive force claim as

21
"federal counterpart of state battery [claim]").  Additionally, the claims plaintiff has alleged

22
against the entity defendants are, in both actions, based on the same theory, specifically,

23
whether the County and/or the City, acting with deliberate indifference to the rights of

24
citizens, encouraged, assisted and ratified the acts of Riddle and Morris, and/or failed to

25
otherwise adequately supervise and discipline said officers.

**(9) Summary of Factors**

26
In sum, as discussed above, all applicable factors, with the exception of one factor of

27
limited significance, weigh in favor of a stay.

28

8

Accordingly, the instant action will be stayed.

**CONCLUSION**

For the reasons discussed above, defendants' motion to dismiss, construed as a motion to stay, is hereby GRANTED, and the above-titled action is hereby STAYED pending resolution of plaintiff's state court action.

The parties are hereby DIRECTED to file, no later than April 7, 2016, a Joint Status Report, apprising the Court as to the status of the state court proceedings.

**IT IS SO ORDERED.**

Dated:  April 7, 2015

MAXINE M. CHESNEY
United States District Judge